1829.

Tradesman's
Bank
v.
Merritt.

THE TRADESMAN'S BANK AND THE CHEMICAL BANK
MERRITT.

A defendant cannot object that another person, not a party to the suit, is also
enjoined.

If such a person makes a proper application, the court will discharge the in-
junction, so far as it affects his interest.

Where the defendant, by a fraudulent overdrawing, obtained the complain-
ant's money and deposited it to his own credit in another institution, held,
that the title to the property was not changed, and might be reclaimed by
the owners.

On a motion to dissolve an injunction, the court will not listen to an objection
of misjoinder of complainants, where the merits of the case are clearly
against the defendant.

January 7th.     THE bill in this cause charged the defendant with having
fraudulently overdrawn the banks of the complainants, and
that the identical bills obtained from those banks had been
deposited by him in the Branch Bank of the United States
in the city of New York, where they still remained to his
credit on the books of that institution.   On this bill the
master allowed an injunction restraining the defendant
from withdrawing or assigning that deposit, and prohibit-
[*303]     ing the Branch *Bank of the United States from paying
out the same.    A motion was now made for the dissolution
of the injunction upon the matter of the bill only.

J. Smith, for defendant :—The injunction was improperly
granted against the Branch Bank of the United States, they
not being parties to the bill. (Fellows v. Fellows, 4 John.
Ch. R. 25.)   The complainants are merely simple contract
creditors of the defendant, and having obtained no judg-
ment against him, have acquired no lien either on his real
or personal estate ; and even if they had obtained a judg-
ment, they could not, by the aid of this court, resort to the
funds of the defendant in the Branch Bank of the United
States for the satisfaction of their debt.   The defendant

has not perpetrated any such gross fraud as would call for the interposition of the powers of this court. The defendant overdrew the banks of the complainants in the ordinary course of business, with their consent; and their only remedy against him is by an action at law. The complainants cannot know and cannot establish that the same bills the witness drew from the banks of the complainants were deposited by him in the Branch Bank of the United States. It is not alleged that the defendant is insolvent. (*Dawes* v. *Moran*, 1 Hopk. Ch. R. 365.) There is a misjoinder of the complainants. They have separate and distinct demands against the defendant. Neither the bill nor the injunction can be sustained for this reason. (*Brinckerhoff* v. *Brown*, 6 John. Ch. R. 152.) No injunction can be granted, if the bill would be bad upon demurrer. (*Harrison* v. *Hogg*, 2 Ves. jun. 323; Dickens, 677; *Birkley* v. *Presgrave*, 1 East, 226; *Dilly* v. *Doig*, 2 Ves. jun. 486; 2 Anstruther, 469. And a misjoinder is a ground for a demurrer *ore tenus*. (*Saxton* v. *Davis*, 18 Ves. 72; 1 Hopk. Ch. R. 418.)

*J. Leveridge*, for complainants:—This is not the ordinary case of debtor and creditor, arising out of customary business transactions. Here no credit was given to the debtor, nor profit charged. The complainants did not consent to the creation of this debt. The defendant knew, from the established rules of business at the bank, that no checks were *paid beyond the funds of the drawer in the bank. In this case, a fraud was meditated by the defendant. He, possessing a knowledge of the state of his accounts at the banks of the complainants, wilfully overdrew. The cases of *Brinckerhoff* v. *Brown*, (4 John. Ch. R. 671,) of *Williams* v. *Brown*, (id. 682,) and of *McDermut* v. *Strong*, (id. 687,) arose from ordinary business transactions, and are therefore not applicable to this case. The defendant has not answered the bill; he thus admits the fraud; and wherever fraud appears, and the remedy at law is insufficient, Chancery will grant relief. To turn the complainants over to

1829.

Tradesman's
Bank
v.
Merritt.

[*304]

their action at law, would amount to a denial of justice. Injunctions have been granted upon the application of simple contract creditors. (*Taylor* y. *Jones*, 2 Atk. 600.) The complainants have shown a case of gross fraud, and they have shown that the identical money obtained from the banks of the complainants was deposited in the United States Branch Bank. The court will therefore retain the injunction.

THE CHANCELLOR:—The objection that the United States Branch Bank is enjoined, although not a party defendant, does not properly come from the party moving to dissolve the injunction allowed in this cause. If the defendant does not violate the injunction, the deposit cannot be withdrawn from the United States Branch Bank, and the injunction as to that bank will be nugatory. Where persons not parties to the bill are injuriously affected by an injunction, if they apply in a proper manner, the court will grant them relief.

If the money was fraudulently obtained from the complainants, as alleged in the bill, the property was not changed by paying it out on the draft, and they may follow it into the hands of any person who has not taken it in the course of business, and allowed an equivalent therefor, without notice of the fraud. The complainants are not creditors at large, but have a specific lien upon the fund in the case stated in the bill.

As to the misjoinder of the complainants, it is a matter of form only, and does not go to the merits of the question upon which the injunction rests. I am not certain that in a clear case of misjoinder of complainants, the defendant [*305] *would be entitled to have the injunction dissolved as a matter of course, before demurrer or answer. In this case, the fact that the moneys alleged to have been obtained from the respective complainants by fraud were deposited together, forming an entire fund, on which both have equita-

ble claims, may perhaps be sufficient to authorize them to proceed jointly.

The motion to dissolve the injunction is denied, with costs.